## CULVER v. TORREY.

(Supreme Court, Appellate Term. April 22, 1901.)

1. BANKER—INSOLVENCY—ACTION FOR DEPOSIT—FRAUD—BURDEN OF PROOF.
   Where a depositor sues a banker, who has obtained a discharge in bankruptcy, to recover moneys deposited prior to the assignment, the burden of proving fraud is on the plaintiff.

2. SAME—EVIDENCE—SUFFICIENCY.
   In a suit by a depositor against a banker, who had obtained a discharge in bankruptcy, to recover a deposit made three days before his assignment, the only evidence on the issue of fraud consisted of plaintiff's testimony to an admission by defendant that he had been insolvent during a period when some deposits were made, which was met by defendant's denial, and assertion that he was insolvent for the first time on the day of his assignment, and there was no evidence as to the state of his affairs at the time of the assignment from which it could be inferred that his insolvency was not 'due to sudden causes. *Held* insufficient to establish fraud.

3. SAME—ADMISSIBILITY.
   Where a depositor sued a banker, who had obtained a discharge in bankruptcy, to recover a deposit made prior to the assignment, there was no error in excluding the trustee's report, made months after the deposit, and filed with the referee in bankruptcy, offered by plaintiff on the issue of fraud.

4. APPEAL.
   Error based on the exclusion of a document cannot be considered on appeal, when the record fails to show that it was in fact offered in evidence.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Weeks W. Culver against David M. Torrey. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVEN-TRITT, JJ.

Charles W. Culver, for appellant.

Robert A. B. Dayton, for respondent.

BISCHOFF, P. J. The defendant, doing business as a private banker, made a general assignment on the 13th day of October, 1898, and was thereafter adjudged a bankrupt and discharged from his debts. The plaintiff's claim is for moneys deposited by him with the defendant prior to the date of the general assignment, the last deposit (the sum of $15) having been made three days before that date. Assuming that the discharge in bankruptcy would not cover this debt, if fraudulently contracted, the burden of proving the fraud was upon the plaintiff, and the only proof upon the subject consisted of the plaintiff's testimony to an admission by the defendant that he had been insolvent during the period when some deposits were made, which testimony was met by the defendant's denial, and the assertion that he was insolvent for the first time on the day of his general assignment. There is no evidence as to the state of the defendant's affairs at the time of the assignment, from which it could be inferred that the insolvency was not due to some sudden cause, and it was well within the province of the justice to accept the defendant's testimony upon this issue of fraud. In view of that testimony, the effect of the discharge in bankruptcy, as a defense, remained wholly unimpaired, and judgment was properly rendered for the defendant.

So far as appears from the record, there was no error in the exclusion of the report filed by the trustee with the referee in bankruptcy, since this paper, as described, had no necessary bearing upon the state of the defendant's property some months before, when the plaintiff's deposits were made, and the return affords no information as to the contents of the document thus offered and excluded.

It is claimed that the justice erroneously excluded the schedules relating to the general assignment, but we have no record before us that these papers were in fact offered in evidence.

No ground for reversal is presented by any exception taken to rulings at the trial, and, as we have stated, the judgment cannot be disturbed upon the facts.

Judgment affirmed, with costs. All concur.